## KAHULA *vs.* KUAMU *et al.*

### EJECTMENT. BEFORE JUDD, J.

### FEBRUARY, 1879.

Motion for new trial may be made after expiration of ten days from verdict, or after the close of the term, on the ground of new evidence discovered too late to bring the motion within the time allowed by statute: it would be reasonable to entertain such motion at the next term, provided the judgment had not been executed or the status of parties changed.

In this case, the defendant having surrendered possession to plaintiff after judgment, the motion is denied.

### DECISION OF JUDD, J.

This is an action of ejectment tried at the last October Term of this Court, in which a verdict was obtained by the plaintiff.

After the term closed, but before the January term opened, the defendants, by new counsel, filed a motion for a new trial on the ground of newly-discovered evidence.

Objection was made to this motion being entertained as being too late, and because no bond for costs, etc., as required by Section 1156 of the Civil Code, was filed.

This section allows motions for new trials to be made at any time within ten days after verdict, and Rule VIII. allows bills of exceptions to be tendered to the Court at any time before the adjournment of the Court for the term.

In this case the ten days after the verdict had expired, and the Court had adjourned for the term. The counsel for the motion contends that the provisions of Section 1156 apply to causes for new trials which have been developed during the trial of the case itself, and not to the present motion, on the ground of *after* discovered evidence.

It would seem to be reasonable and just not to apply the provisions of this section to a party who had discovered facts which it is supposed would reverse the judgment, when the discovery

is made after the term had adjourned, and after the ten days from the verdict had expired, provided that due diligence had been used to procure the testimony, but without success—but to allow him a new trial.

This was allowed in the case of *Lipoa vs. Dowsett,* 3 Hawn., 623, where the verdict was rendered October 13, 1874, and the motion filed in the opening days of the January term following. In that case the defendants discovered, between the terms, an unrecorded deed necessary to his case, among the grantor's archives, and a new trial was allowed.  But the point now made was not taken in that case.

I am unable to find authorities upon the question as to the limit of time within which such motions may be made, as it is a matter of statutory regulation in most countries.  In the old Digests I find it said that it is never too late to move for a new trial, on a discovery of new facts, if it be done in a reasonable time.

See Harrison's Digest, p. 3962.

In the absence of any statutory provision in this Kingdom limiting the time, I think it would be reasonable to entertain such a motion at the next term after the judgment, provided that the judgment had not been executed, or the status of the party (in whose favor the judgment was given) with reference to the land, remained unaltered.  In this case, as I am informed that the defendant had surrendered possession to the grantee of plaintiff before the motion was filed, it is too late and I must deny it.

*Preston & Brown,* for plaintiff.
*A. S. Hartwell,* for defendants.
Honolulu, February 18th, 1879.